*R. A. Chandler*, for the appellant.

May Term,
1857.

RATHBONE
v.
SANDERS.

---

RATHBONE, for the use of THE EVANSVILLE BRANCH OF
THE STATE BANK *v.* SANDERS.

Where there have been, for a long time, mutual dealings and an account current between two banks, in which they mutually credited each other with the proceeds of all paper remitted for collection, when received, and charged all costs of protest, postage, &c.,—the respective accounts being regularly transmitted from one to the other, and settled as accounts of the respective banks; and upon the face of the paper transmitted it always appeared to be the property of the banks respectively, remitted on their own account; and balances were generally suffered to remain until reduced by the proceeds of such bills so transmitted from one to the other, in the usual course of business; there is a lien for a general balance of account upon the paper thus transmitted, no matter who may be its real owner.

Where a principal permits his agent to hold himself out as principal, he cannot complain that third persons who have dealt with him, *bona fide*, as such, hold him liable as principal.

APPEAL from the *Vanderburgh* Circuit Court.

PERKINS, J.—*Addison H. Sanders*, on the first day of *June*, 1854, made his promissory note of that date, payable six months after date, to the *Cincinnati Type Foundery Company*. Subsequently, and before the note fell due, the *Type Foundery Company* indorsed it in blank, and delivered it to the *Mechanics and Traders' Bank of Cincinnati;* which indorsement and delivery the said company now contend was for the purpose of collection only, and that they still continued to be the owner thereof. Afterwards, and before the note fell due, the *Mechanics and Traders' Bank*, by its cashier, *Charles Conahan*, indorsed said note as follows: "Pay *G. W. Rathbone*, Esq., cashier, or order, *Charles Conahan*,"—and forwarded the note so

*Wednesday,
June 3.*

indorsed, to the *Evansville Branch Bank*, of which said *Rathbone* was cashier, for collection, but giving the bank at *Evansville* no notice that the *Mechanics and Traders' Bank* was not the owner of said note. Before the note fell due, the *Mechanics and Traders' Bank* failed. When the note fell due, *Sanders* failed to pay it to the *Evansville* bank, and she brought this suit. *Sanders* answers, and in substance says, that the plaintiff ought not to recover, because the note is the property of the *Cincinnati Type Foundery Company*, and never belonged to the *Mechanics and Traders' Bank*, or to the *Evansville* bank; that it was indorsed to, and left with, the *Mechanics and Traders' Bank* by the *Type Foundery Company* for collection only, and that the *Mechanics and Traders' Bank* sent it to the *Evansville Branch Bank* for that purpose only; that the *Mechanics and Traders' Bank* had failed; that the *Type Foundery Company* had notified him not to pay to the *Evansville Branch Bank;* and that he had before the beginning of this suit paid it to the *Type Foundery Company.*

The reply of the plaintiff, stated in brief, is in substance, "that at the time the note was transmitted to the *Evansville Branch Bank*, it came duly indorsed from the *Type Foundery Company* to the *Mechanics and Traders' Bank*, and duly indorsed by the *Mechanics and Traders' Bank* to the *Evansville Branch Bank*, that is, to her cashier for her use; that at the time it was received the branch bank had no notice that the note did not belong to the *Mechanics and Traders' Bank*, nor was any notice communicated to her to that effect, until the *Mechanics and Traders' Bank* had failed; that from the time of the receipt of that note till the failure of the *Mechanics and Traders' Bank*, the *Evansville Branch Bank* supposed said note to be the property of the *Mechanics and Traders' Bank;* that ever since the year 1840, the said two banks have had continued mutual dealings with each other, and have acted as the agents of each other in the collection of notes, bills of exchange, drafts, and other evidences of indebtedness, which accounts have been settled and adjusted monthly, semi-yearly, and yearly, as the convenience of themselves or

their customers might require; that according to the mode of transacting said business between said banks, the money when collected by one for the other was not immediately returned by the collecting bank, but was entered as credits in favor of the bank so remitting the papers for collection; that since the year 1840, the accounts have been from year to year and month to month changing, at sometimes exhibiting balances in favor of the one, and at others in favor of the other; that on the first day of *May*, 1854, when the last balance was struck between said banks, previous to the insolvency of the *Mechanics and Traders' Bank*, the amount due the *Evansville* branch was 1,502 dollars and 68 cents, and that the last-named bank suffered that amount to remain unpaid, and to be increased between the last-named date and the 15th day of *November*, 1854, on which day the *Mechanics and Traders' Bank* failed, to the sum of 14,505 dollars and 52 cents, on the faith of said mutual dealings and usage, and with the understanding between the said banks that the said sum so due on the said first day of *May*, and also the sum to which it might be increased, should be liquidated in whole or in part by paper to be sent by the *Mechanics and Traders' Bank* to the said branch bank, in the usual course of dealings between them, and that the said sum of 14,502 dollars and 52 cents remains unpaid; that the note sued on was sent by the said *Mechanics and Traders' Bank* to the said branch bank, to be collected and passed to the credit of the former, as had been the usage between said banks; that the defendant, *Sanders*, was notified by the said branch bank, before the note became due, that it was held by the last-named bank, and that he would be required to pay the same to that bank, and that the defendant, *Sanders*, did not pay said note till long after the same became due, and long after the notice so given by said branch bank that he would be required to pay the same to it."

To this reply the defendant demurred. The Court sustained the demurrer, and rendered judgment for the defendant, from which judgment the plaintiff appeals.

The plaintiff contends that under the circumstances of

this case, the *Evansville Branch Bank* had a right to retain this note and collect the amount of it from the defendant, on the principle of lien recognized by the usages of trade, as also upon the ground that, as between the *Mechanics and Traders' Bank* and third parties, she was the owner of this note, and could transfer a good title to it by indorsement and delivery.

The objection is not made that the suit is by *Rathbone*, for the use of the bank, and we shall not consider the point. The main principle involved in the case is settled by authority; and we need only state the principle and cite the authority.

The principle is this: that where there have been, for a considerable period of time, mutual dealings between two banks, and an account current between them, in which they mutually credited each other with the proceeds of all paper remitted for collection, when received, and charged all costs of protest, postage, &c.,—the respective accounts being regularly transmitted from one to the other and settled as accounts of the respective banks; and upon the face of the paper transmitted it always appeared to be the property of the banks respectively, remitted on their own account; and balances were generally suffered to remain until reduced by the proceeds of bills transmitted from one to the other in the usual course of business; there is a lien for a general balance of account upon the paper thus transmitted, no matter who may be its real owner. This was decided in *Bank of the Metropolis* v. *New England Bank*, 1 How. (U. S.) 234, and reaffirmed in *Wilson* v. *Smith*, 3 *id.* 763.

Where a principal permits his agent to hold himself out as principal, he cannot complain that third persons who dealt with him *bona fide* as such, hold him liable as principal. The *Evansville* bank, having a lien upon the paper sued on, and its proceeds, to secure the payment of the balance due it from the *Mechanics and Traders' Bank*, has a right to collect the note, and hold the proceeds accordingly.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

May Term, 1857.

*E. Dumont* and *O. B. Torbet*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellee.