THE HOWE MACHINE CO. *v.* SIMLER.

EVIDENCE.—*Principal and Agent.—Ratification.—Promissory Note.—Payment.* —One, professing to act as agent for another, sold and delivered personal property belonging to his principal to a third person, who, for the purchase

price, executed to the principal, and delivered to the agent, a promissory note, with an endorsement thereon of a payment then made to the agent, and containing the clause, "No credits allowed on this note unless endorsed on the note at the time the payment is made." Suit having been instituted on the note by the principal against the maker, the latter offered in evidence a receipt, signed by the agent as such, acknowledging full payment of the note by the maker to the agent, before its maturity and without notice to the maker that the agent had been discharged by the principal.

*Held*, that the evidence offered is proper.

From the Harrison Circuit Court.

*W. T. Jones, S. J. Wright, L. Jordan* and *H. Jordan*, for appellant.

*B. P. Douglass* and *S. M. Stockslager*, for appellee.

BIDDLE, C. J.—This suit was commenced before a justice of the peace, and appealed to the circuit court. It is brought on a promissory note made by the appellee to the appellant, dated June 25th, 1873, due three months after date, for seventy-five dollars, which contains the following peculiar provision:

"No credits allowed on this note unless endorsed on the note at the time the payment is made."

The following credit was endorsed upon the note at the time it was made:

"Received forty dollars on this note.    J. E. HALL."

Trial by jury, and verdict for defendant. At the trial, the appellee offered a receipt, dated July 23d, 1873, for seventy-five dollars in full of the note in suit. The receipt was signed:

"For the Howe Machine Co.    J. E. HALL, Agt."

The appellant objected to the receipt as evidence, for the reasons:

1. That Hall's name does not appear as agent of the company in the body of the receipt;

2. That there is no sufficient signature to the receipt as agent;

3. That there was no evidence before the court to show

that Hall was the authorized agent to collect the note; and,

4. That the stipulation in the note, as to endorsing payments upon it, was notice to the payee not to pay the note to any one who did not have it in possession.

No objection was made to the fact that Hall had signed the receipt. The court admitted the receipt as evidence, and this is the alleged error excepted to and complained of by the appellant.

As there was no objection made to the fact that Hall had signed the receipt in the manner shown upon its face, we think there was sufficient evidence before the court, *prima facie*, to allow the receipt to go to the jury. But, if this ruling was an error, it was healed by the subsequent evidence.

The appellee testified, that he purchased the machine for which the note was given from J. E. Hall, who represented himself as the agent of the Howe Machine Company, and paid him the forty dollars endorsed upon the note at the time it was made; that he paid the balance on the note to the same J. E. Hall, on the 23d of July following, without any notice of the revocation of his agency; that Hall did not have the note with him at the time; and that the amount mentioned in the receipt includes the forty dollars endorsed on the note.

This testimony of the appellee stands unimpeached and uncontradicted. As to selling the machine to the appellee, taking his note for it, and endorsing upon it the receipt of the forty dollars as a payment, the appellant, by accepting and suing upon the note with the credit upon it, adopted the agency of Hall. The payment of the balance due on the note within one month afterward by the appellee, without any notice that Hall was not still the agent of the company, must be held as a good payment to the appellant, although the agent at the time had not the note in his possession. As to the stipulation in the note, that no credit should be allowed unless en-

dorsed upon it—if it could have any validity at all, which we very much doubt—it could not prevent the full payment of the note in any ordinary business way which would be good against the creditor.

There is no error in the record.

The judgment is affirmed, with costs