## ULRICH v. McCORMICK ET AL.

PRINCIPAL AND AGENT.—*Payment of Promissory Note to Servant of Agent, after Revocation of Agency.—Notice.—Instruction.*—In an action by the payee, against the maker, on a promissory note, wherein payment was pleaded, the evidence established that the note had been executed by the defendant for the price of a chattel sold and delivered to him by an agent appointed by the plaintiff to sell such chattels and collect such notes ; that such agency was subsequently revoked, and a new agent appointed, but the defendant had no notice thereof ; that subsequently the defendant called at a place where the former agent carried on his individual business, to pay off the note ; and that, such agent being absent, his servant searched for the note, failed to find it, and, having gone and seen his employer, by direction of the latter received, and receipted to the defendant for, the amount of the note, in the name of his employer.

*Held*, that an instruction that such payment was invalid was erroneous.

*Held*, also, that such payment, if made in good faith and without notice of the revocation of such agency, was valid.

From the Huntington Circuit Court.

*L. P. Milligan* and *A. Moore*, for appellant.

*F. Heiner*, *G. H. Chapman* and *U. J. Hammond*, for appellees.

PERKINS, J.—Suit by the appellees, against the appellant, upon a promissory note, of which the following is a copy:

" $200.                     CHICAGO, ILL., Sept. 17th, 1873.

" On or before the 1st day of January, 1874, for value received, the undersigned promises to pay C. H. McCormick & Bro., or order, at their office in the City of Chicago, Illinois, two hundred dollars, with —— per cent. per annum, from July 1st, year as above, without relief from valuation or appraisement laws. It is also stipulated, that, should the collection of this note be enforced by law, a reasonable amount shall be allowed the holder as attorney's fees. Without interest if paid when due.

"JOHN H. ULRICH.

" Post-office : Huntington, Huntington Co., Ind."

Answer, payment ; reply in denial ; trial by jury ; ver-

dict for plaintiff, and judgment, over a motion for a new trial, on the verdict.

The reasons therefor, stated in the motion for a new trial, were :

1.  Verdict contrary to law ;
2.  Verdict contrary to evidence ;
3.  Verdict not sustained by evidence ; and,
4.  Error in the instructions given to the jury.

In the assignment of errors, three are specified, viz. :

1.  The court erred in overruling the motion for a new trial ;
2.  The court erred in its instructions to the jury ;
3.  The court erred in not giving the jury further instructions applicable to the evidence in said cause.

Further instructions, it may be observed, were not asked by counsel.

A bill of exceptions contains the evidence.

The issue in the cause, as we have seen, was upon the payment of the note.

All the questions presented on this appeal fairly arise upon the first assignment of error, viz., that of overruling the motion for a new trial.

There is no conflict in the evidence. The note in suit, as appears upon its face, was executed September 17th, 1873, and was payable on or before the 1st day of January, 1874, at the office of the payees, in Chicago, Illinois. The note was executed in Huntington county, Indiana, and delivered to William R. Jones, then the agent, in said county, of McCormick & Bro., the appellees, who resided at Chicago, Ill., for the sale, in said county of Huntington, of the said McCormicks' Reaper, and the collection of the notes that might be given on such sales, which notes he retained, as such agent, in said Huntington county. Such is the fair inference from the evidence in the cause.

The note in suit was given for the price of a reaper purchased by said Ulrich of said agent, Jones.

On the 10th of November, 1873, McCormick & Bro. revoked the appointment of agency then held by said Jones, took from him all notes and papers connected with the agency, and placed them in the hands of Buchanan & Co., of Huntington, in said county of Huntington, who were then appointed agents in place of said Jones, and were directed to give notice to the makers of said notes accordingly, but they failed to give notice to Ulrich, the appellant, till the 10th day of February, 1875. On the 31st day of December, 1873, Ulrich called at the store of said William R. Jones, and asked for the note in suit, saying that he wished to pay it. Said Jones was not in the store; was said to be at his house sick; but his son Willis was in the store. He was his father's clerk in the store. He looked for the note, but could not find it. Says Ulrich, in his testimony: "Willis told me the note was not there, when I asked him for it. He said he would receipt me the money I paid him, and it would be all right. I told him to destroy the note or hand it to me. After he said his father was too sick to get it for me, I paid him the money to stop interest."

The following is the receipt:

"HUNTINGTON, IND., Dec. 31st, 1873.

"Received of John H. Ulrich, on note given to W. R. Jones for the McCormick Reaper, two hundred dollars, due Jan. 1st, 1874.                                    WM. R. JONES,

"$200.                                                      WILLIS."

Willis testified that he went out to see his father about the matter, and acted therein pursuant to his directions.

The court instructed the jury thus:

"Whenever a party undertakes to do any act as the agent of another, if he does not possess any authority from the principal, or if he exceeds the authority delegated to him, he will be personally responsible therefor, to the person with whom he is dealing, for or on account of his princi-

pal. When Ulrich dealt with Jones as the agent of plain-
tiffs, he did so at his peril; and if it turned out that Jones
was then no longer the agent of plaintiffs, then Ulrich has
no remedy against plaintiffs, and payment to Jones was
not payment to McCormicks, in fact or in law." Which were
all the instructions given in the cause, on the subject of
agency, and to the giving of which defendant at the time
then and there excepted.

The above instruction was erroneous. It went upon the
theory that payment to an agent was void, after his agency
had been revoked, in the absence of notice of the revoca-
tion.

In Wharton on Agency and Agents, it is said that
" The revocation of an agency becomes operative as to the
agent from the time it is actually made known to him;"
but "Third parties dealing bona fide with one who has
been accredited to them as an agent, are not affected by
the revocation of his agency unless notified of such revo-
cation." Chap. 2, sec. 110:

In Diversy v. Kellogg, 44 Ill. 114, it is decided, that,—
" Where a party is shown to have been the agent of
another in a particular business, and continues to so act
within the scope of his former authority, it will be pre-
sumed that his former authority still continues, and will
bind his principal unless the persons with whom he acts
have notice that his agency has ceased."

In this case the agency of Jones extended to the receiv-
ing payment of the note. The maker had not received
notice of its revocation, nor of the withdrawal of the note
from his custody. The above rule of law is founded in
reason, common sense and justice.

The rule is involved in the case at bar; for, if the ap-
pellee paid the note in question to Jones, in good faith
and without notice of the cessation of his authority as
agent, the payment was a satisfaction of the note. But

the question still remains, was the payment *bona fide?* or were the circumstances under which the payment was made such as to indicate the contrary,—to put Ulrich on his guard? Ulrich seems to have paid the note, supposing Jones still had it in his possession, but was too sick to look for and get it for him. These will be questions for the jury on another trial. See *Rathbone* v. *Sanders,* 9 Ind. 217, and *The Howe Machine Co.* v. *Simler,* 59 Ind. 307.

As to Ulrich, Jones was, so far as appears, still the agent to receive payment of the note, and still had it in his possession. Willis, the clerk, did not inform Ulrich that the note was not in possession of William R. Jones, but that it was not in the store. Willis appears to have been a clerk in the store, not in the business of the Mc-Cormick agency. He did not receive payment of the note as agent, but simply as a servant of his father, ministerially. Suppose his father had been at the store, and before Ulrich came in to pay the note, Jones, as we have said, still having it in his possession as to Ulrich, had said to Willis : " Receive that money for me, and receipt him for it in my name, I am busy just now, and will soon send the note to Ulrich ; " would this be creating Willis a sub-agent? Let this point be all the time borne in mind : Jones was, as to Ulrich, still the agent to collect the note. Ulrich had the legal right to pay the note to him, and such payments made in good faith would extinguish the note.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.