No. 10,751.

## THE NORTH CHICAGO ROLLING MILL COMPANY v. HYLAND.

MASTER AND SERVANT.—*Principal's Liability for Act of Former Agent.*—*Notice of Revocation.*—A foreign corporation, operating in this State through an agent, leased its works to the agent, who, without authority from such corporation, continued to operate the works in its name, and retained in his service an employee of the corporation without notice to him of the change.

*Held,* in an action by the employee against the corporation, that the latter is liable for the value of such service.

SAME.—*Evidence.*—*Non-Residence of Corporation.*—*Attachment.*—An allegation that a defendant in an attachment suit is a foreign corporation may be proved by oral evidence.

The North Chicago Rolling Mill Company v. Hyland.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman*, for appellant.

*S. F. Wood* and *J. W. Copner*, for appellee.

HAMMOND, J.—Suit by the appellee against the appellant for work and labor, with proceedings in attachment. Answer, the general denial; trial by the court; finding for the appellee in the sum of $140.20; motion for a new trial overruled, and judgment on the verdict.

It is admitted by the appellant that $60.25 of the recovery was correct. But it is insisted that for the residue, being for work done after April 1st, 1882, the appellant was not liable. The work prior to that time, about which there is no dispute, was performed by the appellee for the appellant at its coke works in Fountain county, this State. The works were operated by the appellant's agent, John J. Enders, who, as such agent, employed and paid the workmen, the appellee among the others. Enders, having leased the works of the appellant, operated them upon his own responsibility, but in the appellant's name, without its consent, during the period for which the appellant disclaims liability to the appellee. The evidence tends to show that up to May 16th, 1882, the time to which the finding was in appellee's favor, he had no notice of the change in the management of the coke works, but supposed that he was working for the appellant under the employment of Enders as its agent. We can not say that the facts and circumstances did not justify this impression, and, this being the case, we are of opinion that the appellant was liable. Story Agency, sections 470–473. "Third parties dealing *bona fide* with one who has been accredited to them as an agent, are not affected by the revocation of his agency unless notified of such revocation." *Ulrich* v. *Mc-Cormick*, 66 Ind. 243.

The attachment proceedings were based upon an affidavit, which alleged that the appellant was a foreign corporation.

VOL. 94.—29

It is insisted that the fact of its being a foreign corporation could be proved only by its charter or articles of association, and that the court erred in receiving oral evidence upon this point.  No authority is cited in support of this proposition, and it does not impress us as being correct.  Oral evidence, we think, was admissible to prove the fact in question.

The motion for a new trial was properly overruled, and the judgment is affirmed with costs.

Filed April 15, 1884.