Johnson v. Brown.

Filed March 11, 1892.

---

No. 15,185.

## JOHNSON v. BROWN.

PRACTICE.—*Motion to Strike Out Pleading.—Overruling, Harmless Error.—* Overruling a motion to strike out a pleading is not ground for a reversal.

SAME.—*Objections to Evidence.—General.—*Objections to evidence offered that it is "incompetent, immaterial and irrelevant" are too general to present any question when such objections are overruled.

DEMURRER.—*Special.—*Special demurrers are not allowed by the civil code, and can not be resorted to.

SLANDER.—*Defendant, Laying Foundation for Impeachment of.—Slanderous Words Spoken at Other Times and Places.—*In an action in slander, where the defendant as a witness in his own behalf denies speaking the slanderous words charged, it is not competent, in rebuttal, for the purpose of impeaching him, to show that he did speak the words charged at other times and places, even though he denied on cross-examination that he had spoken them at such times and places.

NEW TRIAL.—*Newly-Discovered Evidence.—*A motion for a new trial because of newly-discovered evidence may be overruled if it is not shown that diligence was used to procure it before the trial.

ARGUMENT OF COUNSEL.—*Misconduct of Counsel.—Curing Error.—*Generally, if counsel use improper language in argument to the jury, the error may be cured, on objection, by instructing the jury to disregard and not consider it.

From the Huntington Circuit Court.

*B. F. Ibach, B. M. Cobb* and *C. W. Watkins,* for appellant.

*M. L. Spencer,* for appellee.

MILLER, J.—The appellant brought an action of slander against the appellee, the slanderous words consisting of a charge that the appellant had forged certain instruments, and

expressing an opinion that he ought to be in the penitentiary.

To this complaint the defendant answered by a general denial, and also by an affirmative answer, in which the plaintiff was charged with having mistreated and abandoned his wife, and thereby lost the respect of his neighbors, closing with a denial of all other allegations in the complaint. The plaintiff moved the court to strike out parts of this pleading, and his motion was overruled.

This paragraph was neither in mitigation nor justification of the slander charged in the complaint, and the court should have sustained the motion of the plaintiff, and eliminated the record of a pleading that was an aggravation rather than mitigation of the charge contained in the complaint. It is a part of the duty of *nisi prius* courts to frown upon and discourage the filing of nondescript pleadings such as this one, but it does not follow that we should reverse a judgment on account of the failure of the court to sustain such a motion. That we can not reverse on account of the erroneous ruling of a court in overruling such motion is well settled. *McLean* v. *Equitable Life, etc., Society*, 100 Ind. 127 (137); *Rowe* v. *Major*, 92 Ind. 206.

A motion to compel the defendant to separate this paragraph of answer into two paragraphs was made and overruled. The court did not err in overruling this motion. The pleading was not double, but attempted to set up a plea of confession and avoidance of a part of the complaint and a denial of the residue. *State, ex rel.*, v. *Newlin*, 69 Ind. 108.

A demurrer to all of the answer except that portion which contained a denial was filed and overruled. Special demurrers are not provided for in our code of practice. *Estep* v. *Estep*, 23 Ind. 114; *Mathews* v. *Norman*, 42 Ind. 176.

The sufficiency of the pleading as a whole was not tested on demurrer, and we are, therefore, not required to pass upon that question.

During the course of the trial a witness was asked if he

was acquainted with the character, standing and reputation of the plaintiff in July, 1885, among the parishioners of his church and in the community where he then resided ? The witness, having answered in the affirmative, was then asked " whether that reputation, character and standing was good or bad ; " to which he answered that it was bad.

The record informs us that the plaintiff objected to the same, for the reason that the question and answer thereto were " incompetent, irrelevant and immaterial," and that the court overruled the objection.

This ruling of the court is complained of and relied upon to reverse the judgment rendered against the appellant.

Under the well-established and uniform rule of practice, that objection to the admission of evidence must be reasonably specific, and that the objection that the evidence is " incompetent, immaterial and irrelevant " is not sufficiently specific to present the question of its admissibility for review in this court, we must decline to examine this ruling. *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196 ; *Metzger* v. *Franklin Bank,* 119 Ind. 359 ; *Litten* v. *Wright School Tp.* 127 Ind. 81.

Other evidence of a similar character was admitted during the course of the trial, but, as the objections to its admission were uniformly the same as above quoted, we need not consider them separately.

The defendant, during the course of his examination, denied the speaking of the slanderous words, and in cross-examination was asked if he did not make similar statements to another witness at another time and place. This he also denied. On rebuttal, the plaintiff offered to prove, for the purpose of contradiction, that the defendant did make such declaration, but the court excluded the evidence.

This evidence, if offered as a part of the plaintiff's original case, would have been admissible to prove malice. *Meyer* v. *Bohlfing,* 44 Ind. 238 ; Newell Defamation, etc., 349.

It was, however, not competent in cross-examination to

ask the witness if he had not made similar statements to other witnesses at other times and places, for the purpose of rendering it probable that he spoke the words proven by the plaintiff in his evidence in chief. 1 Greenl. Ev., sections 52–53; *Strong* v. *State*, 86 Ind. 208.

The answer given by the defendant on cross-examination, in which he denied making the statements to the witness, being immaterial, could not be the foundation of an impeachment.

Objections are urged to the admission of some other evidence, but we think, on examination, that the objections to its admission were not sufficiently specific to authorize us to review the rulings of the court.

The cause for a new trial dependent upon newly-discovered evidence fails to show any diligence whatever on the part of the plaintiff to procure the evidence before the trial, is cumulative, and wholly insufficient upon any view of the case to authorize us to disturb the judgment. See *Morrison* v. *Carey*, 129 Ind. 277. The remaining cause for a new trial is the alleged misconduct of one of the attorneys for the defendant in making certain statements outside the evidence and legitimate issues, in his address to the jury. The record shows that, upon objection being made, the court admonished the counsel to confine his argument to the evidence, and, upon his protesting that he was confining himself to the evidence, the court immediately said to the jury:

" Gentlemen, no statement made by counsel as to treatment by plaintiff of his wife, nor the statement of counsel as to any fact within his own knowledge, or what everybody else knows, should be regarded or considered by you at all. You must try this case, so far as the facts are involved, upon the evidence, and not such statement of counsel."

This charge was pertinent to the objectionable statements of counsel, and we think that, the court having acted promptly in directing the minds of the jury to the proper rule to be observed by them, we should presume that the harmful re-

marks of counsel were fully counteracted. We do not, however, hold that there may not be cases where we should feel called upon to reverse a judgment, although the court may have acted promptly to charge the jury to disregard the objectionable statements.

We find no available error in the record for which we should reverse this cause.

Judgment affirmed.

Filed Oct. 10, 1891; petition for a rehearing overruled Feb. 27, 1892.