The Springfield Engine and Thresher Company *v*. Kennedy *et al.*

Filed June 24, 1893.

———◆———

No. 730.

THE SPRINGFIELD ENGINE AND THRESHER COMPANY *v.* KENNEDY ET AL.

SPECIAL FINDING.—*How Questioned.*—*Motion for New Trial.*—*Presumption.*—*Conclusion of Law.*—A motion for a new trial calls in question the correctness of the finding of facts, but does not challenge the conclusions of law stated thereon; and where no motion for a new trial is made, it will be conclusively presumed that the finding of facts is in accord with the evidence.

HARMLESS ERROR.—*Overruling Demurrer to Bad Paragraph of Pleading.*—Where a pleading consists of two or more paragraphs, the over-

The Springfield Engine and Thresher Company *v.* Kennedy *et al.*

ruling of a demurrer to a bad paragraph is not reversible error, if the record affirmatively shows that the finding and judgment of the court rest on another paragraph of the pleading, that is good.

WARRANTY.— *Breach of.*— *Notice.*— *Waiver.*— *Principal and Agent.*— Where a contract of sale and warranty provided for written notice to the vendor, in the event the machine sold should not fulfill the terms of the warranty, and, on breach of the warranty, the general agent of the vendor, through whom the machine was purchased, was notified, and through such agent the vendor accepted and acted upon such notice, the vendor thereby waived the requirement for written notice.

SAME.— *Test of Machine.*— *Notice.*— *Complaint.*— *Necessary Allegations.* — In an action for a breach of warranty, in the sale of a machine, it is not required to allege a proper test and to point out specifically the defects, where, after notice, the obligation of making the test and the machine to do good work shifts upon the seller.

NOTICE.— *Principal and Agent.*— Notice to an agent is notice to the principal of any matter that is within the scope of the agency.

PRINCIPAL AND AGENT.— *Revocation of Agency.*— *Notice.*— *Acting as Agent after Revocation.*— *Liability of Principal.*— Where a person deals with another who has been accredited to him as an agent, such person is not affected by the revocation of the agency, unless notified thereof, it being a principle of law that when one of two parties must suffer through the misconduct of a third person, the loss must fall on the party who made the suffering possible.

RECOUPMENT.— *Warranty.*— *Breach of.*— Where there has been a breach of warranty, the warrantee may recoup the balance due on the contract of sale.

From the Howard Circuit Court.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellant.

*M. Bell* and *W. C. Purdum,* for appellees.

LOTZ, J.—The appellant was the plaintiff below, and began this action to recover judgment on certain notes, and to foreclose a chattel mortgage securing the same. Pending the suit, the mortgaged property was seized and sold by the appellant under the stipulations contained in the said mortgage, so that the only controversy in this court is as to the right of appellant to a money judgment

The Springfield Engine and Thresher Company *v.* Kennedy *et al.*

for the remainder due on the notes. The appellee answered in eleven paragraphs.

1st. That the notes in suit were executed without any consideration.

To the second a demurrer was sustained.

3d. That the notes were paid since the institution of the suit.

4th. Payment in full before suit.

5th. Breach of an implied warranty in the sale of a machine for which the notes in suit were executed.

6th. Breach of a verbal warranty in the sale of said machine.

7th. Also breach of verbal warranty in sale of said machine.

8th was withdrawn.

9th. Breach of a written warranty alleged to be lost.

10th and 11th. Breaches of written warranty, coupled with averments showing that the plaintiff waived the performance of certain conditions in the contract of warranty resting upon the defendants.

A demurrer was sustained to the second and overruled as to the other paragraphs. The plaintiff replied in two paragraphs, and a demurrer was sustained to the second. There was a trial of the issues by the court. The court, at the request of appellant, made a special finding of the facts, and stated the conclusions of law thereon. The conclusion of law was that the consideration of the notes in suit had wholly failed, and that the defendants were entitled to judgment for costs.

Appellant assigns as errors the overruling of the demurrers to the 5th, 6th, 7th, 9th, 10th and 11th paragraphs of answer; the sustaining of the demurrer to the second paragraph of reply; and that the court erred in its conclusions of law. There was no motion for a new trial, and the evidence is not in the record. A motion

for a new trial calls in question the correctness of the finding of facts, but does not challenge the conclusions of law stated on the facts. An exception to the conclusions of law properly precedes the motion for a new trial, and concedes, for the purpose of securing a decision upon the facts stated in the finding, that the facts are found as the evidence requires. Elliott's App. Proced., section 793.

The facts not being challenged by a motion for a new trial, this court, in the condition of the record, will conclusively presume that the findings of facts are as the evidence requires.

An examination of the record and special findings affirmatively shows that the findings and judgment of the court are based upon the 10th paragraph of the answer and the answer of payment. It is a rule well established, that, where the complaint or answer consists of two or more paragraphs, the overruling of a demurrer to a bad paragraph is not reversible error, if the record affirmatively shows that the findings and judgment of the court rest on other paragraphs of the pleading. that are good. *Blessing* v. *Blair*, 45 Ind. 546; *Keegan* v. *Carpenter*, 47 Ind. 597; *Blasingame* v. *Blasingame*, 24 Ind. 86; *Nave* v. *Wilson, Admr.*, 33 Ind. 294; *Wolf* v. *Schofield*, 38 Ind. 175; *Peery* v. *Greensburgh, etc.*, *Turnpike Co.*, 43 Ind. 321; *Hawley, Admr.*, v. *Smith, Admr.*, 45 Ind. 183; *McComas* v. *Haas*, 93 Ind. 276; *State, for Use*, v. *Julian*, 93 Ind. 292; *Bartlett* v. *Pittsburgh, etc.*, *R. W. Co.*, 94 Ind. 281; *Louisville, etc.*, *R. W. Co.* v. *Davis*, 94 Ind. 601; *City of Aurora* v. *Bitner*, 100 Ind. 396; *Sohn* v. *Cambern*, 106 Ind. 302.

Under these authorities, it is unnecessary for us to determine the sufficiency of any of the paragraphs of the answer, except the tenth. The action of the court, in

overruling the demurrers to the other answers, is not reversible error.

The tenth paragraph charges, in brief, that the notes declared on were given for the purchase of one steam vibrating separator, with all the necessary appliances usually furnished with such machines; that said sale was made in pursuance of a written contract entered into between plaintiff and defendants, by which contract the plaintiff warranted that said machinery, with proper use and management, would do as good work as any of its size made for the same purpose, and to be of good materials and durable with proper care; that if said machine should fail to fill said warranty, written notice should be given to plaintiff at Springfield, Ohio, and also to the local agent of whom the machine was purchased, stating wherein it failed to fill said warranty, and a reasonable time allowed to remedy such defect; that if the machine could not be made to fill the warranty, it should be returned to the plaintiff, and plaintiff would cause it to perform good work or return the money and notes given for the same. It was further stipulated that the continued use of said machinery should be evidence of the fulfillment of the warranty and of full satisfaction on the part of the purchasers, who agreed thereafter to make no claim on the plaintiff; and, further, that if the machinery, or any part thereof, should be delivered before settlement should be made as agreed, the defendants should waive all claims under the warranty.

It is further charged, that said machine would not, with proper usage, do as good work as any of the size made for that purpose, and was not properly constructed, and of good materials, and durable with proper care; that, by reason of its defective and imperfect construction, it continuously cut and crushed the wheat, rendering it of little value; that, by reason of its defective construction,

it wasted the wheat, and would not properly separate it from the straw, but continually left large amounts of the wheat remaining in the straw, and the same was carried away with the straw, threshed and unthreshed; that the plaintiff failed and refused to cause said machine to do good work and comply with said warranty, and failed to send a competent workman and to make said machine do good work, and failed to cancel and return said notes and mortgage, although defendants repeatedly applied for that purpose to plaintiff's agent who sold them the machine, and failed to furnish another machine; that defendants offered to return said machine and demanded their notes. There are other averments in the paragraph which show how the defendants came to accept the machine before the notes were executed, and why the defendants failed to give written information of the defects to the plaintiff at its home office, and of the efforts made by the plaintiff through its agents to make said machine do good work after notice to them, and of their failure so to do.

As to this paragraph, appellant's counsel say it is defective in that there is no averment that the defendants notified the plaintiff in writing at its home office in Springfield, Ohio. But there is an averment that its general agent was notified, and that through its agent it accepted and acted upon such notice. By such action, the appellant waived the written notice. *Nat'l Bank and Loan Co.* v. *Dunn,* 106 Ind. 110; *Gaar, Scott & Co.* v. *Rose,* 3 Ind. App. 269.

It is also insisted that the paragraph is bad because it shows that the defendants continued the use of the machinery, which, by the terms of the contract, should be evidence of the fulfillment of the warranty. This continued possession and use, however, is shown by the averments to have been at the instigation of the plain-

tiff's agent, after notice of the defects. . It is further contended that the paragraph is defective because the particular defects of the thresher are not shown, and that no sufficient test is averred.    The warranty provided that the machine should do good work.    The kind of work it did do under proper management is specifically alleged, and it was, under the averments, certainly far from good. Appellant has cited a number of cases to the effect that a proper test must be shown and the defects specifically pointed out. ' *Booher* v. *Goldsborough*, 44 Ind. 490; *Robinson Machine Works* v. *Chandler*, 56 Ind. 575; *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406; *McClamrock* v. *Flint*, 101 Ind. 278; *Flint* v. *Cook*, 102 Ind. 391; *Conant* v. *Nat'l State Bank*, 121 Ind. 323; *Aultman, Miller & Co.* v. *Seichting*, 126 Ind. 137.

The answer, however, does not fall within these decisions.    The rule there announced is one that applies when the obligation to make the test rests upon the party who seeks to enforce the warranty.    Under this contract, after notice, the obligation of making the test and of making the machine do good work shifts upon the seller.

We think the demurrer was correctly overruled.

The facts, as found by the court, are substantially as follows:    The plaintiff is a corporation organized in the State of Ohio, with its principal office in Springfield, in said State;    that in the year of 1887, one James B. Mitchner was the agent of the plaintiff at Kokomo, Indiana, for the sale of the plaintiff's machinery;    that on the 17th day of July, 1887, the defendants, through said agent, entered into a contract in writing, for the purchase of one steam vibrating separator with tools and necessary appliances and attachments, said contract of purchase being the same as the one set out and filed as an exhibit to the answer, which provided, among other things, that the plaintiff would warrant said machine to

do good work with proper care and management; that said machine was subsequently delivered to the defendants; that, as part of the consideration for such purchase, the defendants delivered to plaintiff's agent one oscillator separator, at and for the agreed price of sixty dollars, and on the 21st day of July, 1887, executed their three promissory notes, payable to the order of the plaintiff, the first for $140, due December 1, 1888; the second for $137, due December 1, 1889; the third for $137, due December 1, 1890; and, to secure the payment of said notes, the defendants executed a chattel mortgage on said machinery; that said machinery was in the possession and use of the defendants several days prior to the execution of said notes, but that said machinery did not do good work as warranted prior to the execution of said notes; that defendants orally notified plaintiff's agent, James B. Mitchner, of the failure of said machine to do good work, and said Mitchner thereupon promised to remedy the same, and sent one Marshall to test said machine; that said Marshall failed to make said machine do good work, but assured and promised defendants that the plaintiff would remedy the same, and defendants relying upon said promise then executed the notes and mortgage in controversy; that said machine never did do good work, but wasted the wheat, and caused the wheat to pass out with the straw, and did not properly separate the wheat from the straw, and did not properly clean the wheat; that during the threshing seasons of 1887, 1888, and 1889 the defendants repeatedly notified said Mitchner that said machine would not do good work, and said Mitchner each time promised the defendants that he would go himself or send some one else to make it do good work, but that said Mitchner failed to go or send any other person for that purpose, except on the occasion when he sent the said Marshall; that after the maturity

of the $140 note described in the mortgage, the defendants paid thereon the sum of $75, and declined to pay more until said separator was made to do good work as warranted, and that the plaintiffs thereupon brought suit against the defendants in the Howard Circuit Court, for the remainder due on said note; that the defendants refused to pay because said separator would not work as warranted, and the defendants and said Mitchner compromised said suit upon these terms, to wit, the defendants agreed to pay the balance due on said note and one-half of the costs of said suit, and the said Mitchner agreed to pay the other half of the costs and go out in the neighborhood where the defendants lived, when the threshing season of 1889 began, and make said machine do good work; that said Mitchner, in pursuance of said agreement, did pay one-half of the costs of said suit and the defendants paid the other half and the remainder due on said note; that the attorneys of the plaintiff in said suit, thereafter, on the 31st day of May, 1889, forwarded to the plaintiff, in a letter, $77 balance due on said note, with the information contained in said letter that said Mitchner had agreed to make said machine do good work when the threshing season opened, and that the defendants threatened and proposed to resist the payment of said note on the ground that the separator did not give satisfaction, and that the plaintiff, with this information, received and retained said sum of $77, and still retains the same; that the defendants retained and used said machine, relying on the promise made them, by said Mitchner, that he would make the same do good work as warranted; that the defendants and the said Mitchner wrote letters to the plaintiff in the month of December, 1889, which letters were received, informing the plaintiff that said machine would not do good work as warranted after proper care and management; that about the 23d day

of August, 1890, the plaintiffs took and received the possession of said machine and appliances, under the terms of said mortgage, and sold the same and applied the proceeds upon the notes sued on in this action, the amount so received being $77; that the value of said machine, when so taken by plaintiff, was $75; that said machine, when purchased of the plaintiff by defendants, was of the value of $200, and that if said machine had been as warranted its value would have been $450; that defendants never offered to return said machine or demanded or offered to accept a new one in its place, but retained the same, relying upon the promise of said Mitchner that the same would be made to do good work as warranted; that said Mitchner was appointed the agent of the plaintiff for the selling seasons of 1886, 1887, and 1888, and was authorized to sell engines, threshers and repairs manufactured by the plaintiff; that his said agency terminated with the season of 1888, and that he was not thereafter the agent of the plaintiff for any purpose; that the defendants, at the time of the purchase of said machine, and in the other dealings with said Mitchner, had no knowledge of any limitations upon his powers, and had no knowledge of the termination of his agency, and plaintiff gave them no notice in relation to said limitations or termination, but that defendants dealt with him in good faith, believing him to be the duly authorized general agent of the plaintiff for all purposes in relation to all said transactions.

Appellant contends that the findings do not show that Mitchner was the general agent of the plaintiff at any time, and had no authority to waive the conditions in the contract of warranty. Mitchner was the agent of the plaintiff to make sales of its machinery, and was such at the time he received the notice of the defects in the separator and made the attempt to remedy the same. The findings show

that he was the authorized agent of the plaintiff. All that he did, and caused to be done, in relation to remedying the defects, and the promises made by him, were in the line of perfecting and completing the sale. The contract made, in the first instance, was not an unconditional contract for the sale of the machine. The defendants had the right to return it if unsatisfactory. It is a familiar rule that notice to an agent is notice to the principal of any matter that is within the scope of the agency.

In *Pittsburgh, etc., R. W. Co.* v. *Ruby*, 38 Ind. 294, it was held "that notice to an agent of a corporation, relating to any matter of which he has the management and control, is notice to the corporation."

This rule is peculiarly applicable to foreign corporations doing business in this State. *Phœnix Mut'l Life Ins. Co.* v. *Hinesley*, 75 Ind. 1; *North British, etc., Ins. Co.* v. *Crutchfield*, 108 Ind. 518.

The terms "general agent" and "special agent" are relative. An agent may have power to act for his principal in all matters. He is then strictly a general agent. He may have power to act for him in particular matters. He is then a special agent. But within the scope of such particular matters his powers may be general and with reference thereto he is a general agent. Mitchner was authorized to make sales of plaintiff's machinery in certain localities. His powers for that purpose were general, and with reference thereto he was a general agent. As such he received notice of the defects in said machinery, and notice to him was notice to the principal. His subsequent acts and promises were in the line of perfecting the sale.

We think he had the right to waive the written notice required by the contract and of the other stipulations therein contained which were for the benefit of appel-

lant. But it is said that many of his acts were done long after his agency had expired, and that the appellant can not be bound by his action long after the termination of the agency. The findings, however, show that the appellee had no knowledge of the termination of the agency.

"Third parties dealing *bona fide* with one who has been accredited to them as an agent, are not affected by the revocation of his agency, unless notified of such revocation." *Ulrich* v. *McCormick*, 66 Ind. 243; *North Chicago, etc., Mill Co.* v. *Hyland*, 94 Ind. 448.

When one of two parties must suffer through the misconduct of a third person, the loss must fall on the party who has accredited and sent forth such third person.

The statement in the court's conclusion that the consideration for the notes has wholly failed, we think, is inaccurate. There was a consideration for the notes at the time of their execution, the machinery and appliances. The machinery may have decreased in value, but the things for which the notes were given still continued to be in existence and in the possession of the appellants. There was no failure of consideration. But there was a breach of the warranty, as shown by the findings. A breach of warranty may be treated as a matter of defense or as a matter of counterclaim, at the option of the warrantee. The breach is used as a defense by way of recoupment. *Brower* v. *Nellis*, 6 Ind. App. 323, 33 N. E. Rep. 672; *Love* v. *Oldham*, 22 Ind. 51.

The findings show that the machine was only of the value of $200; that if it had been as warranted it would have been of the value of $450. This shows that the defendants have paid $215 on the purchase price of said machinery. It thus appears that there is nothing owing to the appellant.

We think the court did not err in its conclusions of

law.   The consideration did not fail, but the defendants suffered damages by reason of the breach of warranty, by which they were entitled to recoup the balance due on the notes.

We find no reversible error in the record.

Judgment affirmed, at costs of appellant.

Filed September 27, 1893.