## The Port Huron Engine and Thresher Company *v.* Smith et al.

[No. 2,633,   Filed November 30, 1898.]

**Appeal and Error.**—*Assignment of Error.—Suppression of Deposition.—Practice.*—In order to present any question on appeal as to the action of the court in sustaining a motion to suppress parts of a deposition, such ruling must be specified as a cause for a new trial. *p. 234.*

**Same.**—*Assignment of Error.—Refusal of Instructions.*—An assignment of error that the court erred in giving certain instructions, and in refusing to give certain instructions therein specified, presents no question on appeal.   *p. 234.*

**Same.**—*Instructions.— Record.*—In order to present any question on appeal as to giving or refusing to give instructions it must be shown that such instructions were filed as a part of the record; instructions offered and refused are not a part of the record by an entry that "all the instructions to the jury are now filed and ordered to be made a part of the record in the cause without bill of exceptions," followed by a copy of the instructions given and refused. *pp. 234,235.*

**Same.**—*Instructions.*—Error cannot be predicated upon the action of the court in giving instructions where no exceptions were reserved in the court below.   *p. 236.*

**Sales.**—*Warranty.—Notice.—Principal and Agent.*—Where machinery was sold under warranty to do good work, conditioned that the warranty should be satisfied unless the purchaser give the company and its agent through whom the sale was made written notice within ten days after trial and failure to fulfill the terms of the warranty, the seller is bound by a notice given to its selling agent where such agent accepted the notice and acted thereon. *pp. 236-241.*

**Evidence.**—*Weight Of.*—The Appellate Court cannot weigh the evidence for the purpose of determining the preponderance thereof. *p. 241.*

From the Huntington Circuit Court.   *Affirmed.*

*T. G. Smith, J. C. Branyan* and *E. D. Smith,* **for** appellant.

*R. A. Kaufman, O. W. Whitelock* and *S. E. Cook,* for appellees.

Robinson, J.—Appellant brought suit against appellees on a promissory note executed by the appel-

lees as part payment for a threshing outfit, consisting of traction engine, separator, and necessary appurtenances, purchased of the Upton Manufacturing Company, which note was afterwards, for value and before maturity assigned to appellant. Appellees answered in general denial, and also an answer of warranty and breach thereof. A trial by jury resulted in a verdict for appellees.

The first assignment of error, "sustaining defendants' motion to suppress parts of plaintiff's deposition to which the plaintiff at the time excepted," presents no question, for the reason that such a motion must first be specified as a cause for a new trial; and such was not done. *Burnett* v. *Milnes,* 148 Ind. 230; *Hatton* v. *Jones,* 78 Ind. 466; *Patterson* v. *Lord,* 47 Ind. 203.

The next twelve assignments of error are the refusing to give certain instructions, and the giving of certain instructions therein specified. These assignments present no question. "The assignment of the causes for a new trial as error is not the proper mode of raising any question embraced in the motion for a new trial." Buskirk's Practice, p. 126; *Todd* v. *Jackson,* 75 Ind. 272; *Freeze* v. *De Puy,* 57 Ind. 188; *Baecher* v. *State, ex rel.,* 19 Ind. App. 100.

The fourteenth assignment of error is overruling appellant's motion for a new trial. The fourth, fifth, sixth and seventh causes for a new trial are the refusal of the court to give instructions numbered nine, eleven, twelve, fourteen, and fifteen, requested by appellant. The instructions given by the court and those requested by appellant and refused have not been brought into the record by any bill of exceptions. An attempt was made to have them made a part of the record by order of court. The record entry for that purpose is as follows: "And all the instructions to

the jury are now filed and ordered to be made a part of the record in the cause without bill of exceptions, to wit." Then follows a copy of all the instructions given and of instructions requested and refused. The point is made by appellees' counsel, and seems to be well made, that none of the instructions requested by appellant and refused by the court are properly in the record. In the sixth clause of section 542, Burns' R. S. 1894, (533, Horner's R. S. 1897), it is provided that, "All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." In *Childress* v. *Callender*, 108 Ind. 394, the court, speaking of the above provision, said: "In construing this statutory provision, it has been uniformly held, that, in order to save any question for our decision in reference to the giving or refusal of instructions, it must be shown, in some manner, that such instructions were filed as a part of the record. *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110; *O'Donald* v. *Constant,* 82 Ind. 212; *Elliott* v. *Russell,* 92 Ind. 526; *Olds* v. *Deckman,* 98 Ind. 162; *Landwerlen* v. *Wheeler,* 106 Ind. 523." The expression "all the instructions given to the jury," cannot be said to include all instructions requested and refused. This is not an order that all instructions requested should be filed and made a part of the record. It is well settled that instructions given and those requested must be brought into the record either by a bill of exceptions or by order of court. The instructions requested and refused have not been brought into the record by either of these methods, and no question is presented on the refusal to give such instructions.

The eighth and ninth causes for a new trial were the giving to the jury instructions sixteen and eight-

een. The instructions which were given to the jury were filed and ordered made part of the record as appears from the entry above set out. But it is argued that no question is presented upon the giving of these instructions, because no proper exception was taken. As already stated, the instructions were not brought into the record by any bill of exceptions. Nor is there anything in the record to show that appellant excepted to the giving of instructions sixteen and eighteen at the time they were given or at any time. Neither does the order bringing the instructions into the record, nor is it shown anywhere in the record, either by marginal notes by the judge and dated, or in' any other manner, that appellant took any exception to the giving of the above instructions. It therefore follows that appellant cannot complain in this court of the supposed error of the trial court in giving these two instructions. *Cincinnati, etc., R. Co.* v. *Lutes,* 112 Ind. 276; *Olds* v. *Deckman,* 98 Ind. 162; *Landwerlen* v. *Wheeler,* 106 Ind. 523; *Joseph* v. *Mather,* 110 Ind. 114; *Silver* v. *Parr,* 115 Ind. 113.

In the interrogatories returned with the general verdict, the jury found that the engine and threshing machine outfit were sold to appellees by Esta G. Crill, agent of the Upton Manufacturing Company; at the time the machinery was ordered, a warranty was given on the same; that the engine was not well made from good material, and durable, with proper care and management; that Lyman Myers, the engineer, was sufficiently experienced and competent properly to operate said engine; that said engine, when in the hands of an experienced and competent engineer, did not develop full twelve horse power; that, when said machinery failed to operate well, appellees, shortly after commencing to operate the same, gave written and verbal notice to Crill, the agent, at North

Manchester, Indiana; that said Crill came to appellees, and assisted and instructed them in operating the same, and that he did not leave said machinery operating well when he left; the machine was never in good running order, and notice of that fact was given at different times; that appellees run the machine five or six weeks, altogether, in the fall of 1890; that the Upton Manufacturing Company did not furnish any new part or repairs; that the Upton Company agreed to furnish duplicate parts of said machinery, free of charge, when requested by appellees, but did not fulfill the agreement; during the fall of 1890, appellees threshed with said machinery about five or six thousand bushels; that appellees, within ten days after a trial and the failure of said machinery to operate satisfactorily and in full of said warranty, gave written and verbal notice to the Upton Company, through their agent, Crill; that the agent, Crill, after he had tried to make the machine do good work, and had failed, informed appellees that he could not make said machinery do good and successful work, and that appellees informed Crill that they would not undertake to operate said machinery any longer in that condition; that said Crill then and there stated to appellees that he would notify the company to send some one to fix the machinery, and for them to go on and thresh and do the best they could until the man came, and that appellees relied upon such statement of said Crill; that the company never sent any one to fix the machinery. The warranty contained in the original order or contract of sale of said machinery provides, among other things, that it was well made, from good material, and durable with proper care, and that the engine was of the capacity represented, "conditioned, that if, upon trial, the purchasers are unable to make it operate well, notice is to be given

to the party selling it, and to the Upton Manufacturing Company, at Port Huron, Mich., and time given to get to it and put it in order. If they are not able to make it perform as above, the purchasers rendering necessary assistance, and the fault is in the machine, it is to be taken back, and the payment refunded, or the defective part remedied. But if the purchasers fail to make it perform through improper management or want of skill, and call on the manufacturers or their representatives as above stated, then the purchasers are to pay all expenses incurred. This warranty shall be considered fully satisfed unless the purchasers shall give us, and our agents of whom they purchased said machinery, written notice within ten days after trial of its failure to fulfill the terms of the warranty."

There is no evidence in the record that appellees gave written notice to the Upton Company. There is evidence that notice was given the agent, Crill, and that he acted upon such notice. It is argued by counsel for appellant that this is not sufficient. A contract of warranty very similar to that in the case at bar was before this court in *Springfield, etc., Co.* v. *Kennedy*, 7 Ind. App. 502. In the warranty in that case it was provided that if the machine should fail to fill said warranty, written notice should be given to plaintiff at Springfield, Ohio, and also to the local agent of whom the machine was purchased, stating wherein it failed to fill said warranty, and a reasonable time allowed to remedy such defect. Speaking of a paragraph of answer setting up this warranty, and averring that notice of defects was given to the agent who sold the machine, the court said: "As to this paragraph, appellant's counsel say it is defective, in that there is no averment that the defendants notified the plaintiff in writing at its home office, in Springfield,

Ohio. But there is an averment that its general agent was notified, and that, through its agent, it accepted and acted upon such notice. By such action the appellant waived the written notice." See, also, *McCormick Harvesting Machine Co.* v. *Gray,* 100 Ind. 285; *National Bank, etc.,* v. *Dunn,* 106 Ind. 110.

There was some evidence that the engine was defective, was unskilfully constructed; that it would not furnish the necessary power for threshing, on account of its defective construction; that the separator did not clean the wheat; that the agent Crill was notified of the failure of the machine properly to work, and tried to remedy the defects, and failed, and stated to the purchasers that he himself was unable to fix it, and for appellees to go ahead with it, and do what they could and he would send or write at once to the company for a man to come and fix it, and see that it was made satisfactory; that when taking the engine home when first purchased, and when agent Crill was along, the engine failed to work on the road home, and had to be hauled home with a team; that its defects never were remedied by the sellers; that, some five or six weeks after the machine was purchased, Crill told appellees that he had notified the company about the defects, but it does not appear from the evidence when Crill gave the company this notice. It is not disputed that Crill was the agent of the Upton Company to make sales of its machinery, and was such at the time he received notice of the defects, and tried to remedy them. He, as agent, had sold the machine upon the warranty, and the sale could not be said to be complete until the seller made the machinery comply with the warranty. What Crill did afterwards in trying to remedy defects, and in the promises made by him, were in the line of perfecting the sale. It was a matter within the scope of the

agency, and in such case notice to the agent is notice to the principal. As is said in *Springfield, etc., Co.* v. *Kennedy, supra*: "His powers for that purpose were general, and with reference thereto he was a general agent. As such he received notice of the defects in said machinery, and notice to him was notice to the principal. His subsequent acts and promises were in the line of perfecting the sale." The rule has long been declared that notice to an agent of a corporation relating to any matter of which he has the management and control, is notice to the corporation. *Pittsburgh, etc., R. Co.* v. *Ruby,* 38 Ind. 294, 10 Am. Rep. 111. And it has been held that this rule is peculiarly applicable to foreign corporations doing business in this State. *Springfield, etc., Co.* v. *Kennedy, supra,* and cases there cited. There was evidence that notice of the defects was given the agent, and, acting for his principal, he undertook to remedy them. Under the above authorities, this was sufficient. Counsel for appellant cite the case of *Seiberling & Co.* v. *Rodman,* 14 Ind. App. 460. In that case the purchaser did give notice to both the agent and the company, and, without waiting or giving the company time to get to and remedy the defects, he returned the machine to the place he received it; and, when the company's agent afterwards offered to make the machine good as warranted, the purchaser refused to permit the repairs to be made or to accept the machine. It is true in that case it is said that notice to the agent and the company were conditions precedent to be observed and performed by the purchaser before he could claim a breach of the warranty. But neither in that case nor in the authorities there relied upon does it appear that the agent responded to the notice, and, acting for the company, undertook to remedy the defects. The turning point in that case seems

to have been the failure of the purchaser to give the company or its agent time or opportunity to reach the machine, and attempt to make good its defects.

Appellant's counsel have argued at some length the evidence; but this court cannot weigh the evidence to determine where the preponderance lies. There is some evidence to support the verdict on all the material issues in the case. We are unable to see anything in the answers to the interrogatories inconsistent with the general verdict. While the answers to some of the interrogatories may not be supported by sufficient evidence, yet there is evidence to support the answers upon all the material issues in the case which have been discussed by counsel for appellant. We find nothing in the record to warrant our interference with the judgment of the trial court. Judgment affirmed.