Shewalter *v.* Hamilton Oil Co.

---

## SHEWALTER, ADMINISTRATOR, *v.* THE HAMILTON OIL COMPANY.

[No. 3,412. Filed February 5, 1902.]

APPEAL AND ERROR.—*Evidence.—Objections.*—Objections to questions propounded to a witness for the reason that they were immaterial, incompetent and not tending to support any issues joined in the cause are not sufficiently specific. *p. 314.*

GAS.—*Action on Lease.—Evidence.*—In an action on an oil and gas lease for rent it was not error to permit an expert to testify to the necessity of removing the gas in order successfully to operate the well for the production of oil as showing that the removal of the gas was consistent with the denial of plaintiff's right to collect a rental therefor under a provision of the lease to pay rent should the well produce gas in sufficient quantities to justify marketing. *pp. 314, 315.*

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by Abraham Shewalter, administrator of the estate of Mary A. Farmer, deceased, against the Hamil-

Shewalter *v.* Hamilton Oil Co.

ton Oil Company for the recovery of rent on an oil and gas lease. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*E. E. McGriff, J. F. LaFollette* and *O. H. Adair*, for appellant.

*J. J. Moran* and *F. H. Snyder*, for appellee.

BLACK, J.—The action was based upon a written contract called an oil and gas lease, made by the appellant's intestate to the assignors of the appellee, wherein it was provided that the lessee should pay to the lessor the one-sixth of all the oil produced and saved from the demised premises, "and should any well produce gas in sufficient quantities to justify marketing, the lessor shall be paid at the rate of $100 per year for such well so long as gas therefrom is sold." There was also a provision that the lessor should have sufficient gas for heating dwellings on the premises, free of charge, at the wells.

The complaint was in two paragraphs. In the first it was alleged that between the date of the assignment of the lease to the appellee and the death of the lessor, four wells on the premises had produced gas in sufficient quantities to justify marketing, and that the appellee had marketed and sold gas therefrom; and it was claimed that the appellee was indebted to the decedent's estate for the rent and use of the four wells in a certain amount.

The refusal to grant the appellant a new trial is assigned as error. We do not find in the briefs for the appellant any claim that the evidence was such as to require a recovery under the second paragraph of the complaint; but it is claimed that the evidence showed a right to recover under the provision of the lease, that "should any well produce gas in sufficient quantities to justify marketing, the lessor shall be paid at the rate of $100 per year for such well so long as gas therefrom is sold." In the first brief for the appellant no reference is made to any evidence in the record supporting the claim thus made in argument. In his reply

brief, reference is made to certain testimony, which we do not find to be such as to warrant a disturbance of the jury's conclusion.

Rulings of the court in sustaining objections to questions propounded by the appellant to certain witnesses produced in his behalf can not be reviewed because, as suggested by the appellee, the practice required by numerous decisions of the Supreme Court was not followed. The fact that the objections of the appellee to these questions were so general that the appellee could not have availed itself of its objections, if they had been overruled, can not benefit the appellant under his claim of error of the court in sustaining the objections.

The court overruled objections of the appellant to questions propounded by the appellee to its witnesses, the ground of objection stated to the court being, in one instance, that the question was not material, and in another instance, that the question was incompetent and immaterial and did not tend to support any of the issues joined in this cause. These objections were not sufficiently specific.

A question was permitted, over objection, to an expert in the management of oil wells, concerning the effect the flow of gas in an oil well has over the production of oil. In argument it is said on behalf of the appellant that the question for the jury was whether or not gas was produced and sold from the wells, and not what effect the gas would have if confined in the wells; that the fact that it was necessary to take the gas from the wells to remove the pressure from the oil would not justify the appellee in piping the gas away to market. The wells in question were oil wells with some gas. To enable the appellant to recover on the first paragraph of his complaint it was necessary to show that the gas was produced in sufficient quantities to justify marketing and was sold. As already remarked, we have not been referred to any evidence establishing the appellant's claim in this regard.

There being some gas, it was not injurious to the appellant to show reasons for taking it from the oil wells, and among them the uses made of it in the promotion of the successful operation of the wells in the production of oil. If there was no marketing of the gas, it was not available error to show the good faith of the lessee toward the lessor in the use of the wells without marketing the gas that flowed therefrom. The necessity of removing the gas in order to get the oil was not wholly irrelevant to the question at issue. It having been proved that gas was produced and was used in various ways, the evidence in question tended to show that such taking was consistent with a denial of the right of the appellant, under the terms of the lease, to claim the annual rent therein stipulated under certain conditions.

In discussing instructions given and instructions asked and refused, counsel for the appellant constantly present the real issue made upon the first paragraph of complaint, without pointing out any evidence in support of that paragraph. He could not recover without establishing by the evidence the essential claim set forth in the complaint.

We can not conclude that it would be sufficiently useful to discuss the instructions (relating in great part to conditions excusing the appellee from marketing the gas), in which we can find no available error.

Judgment affirmed.