## COLLINS *v.* WILBER.

[No. 21,374.  Filed October 12, 1909.  Rehearing denied January 14, 1910.]

1. PLEADING.—*Complaint.—Partition Fence Liens.—Contracts.*—A complaint for the enforcement of a lien for the cost of constructing a partition fence need not set out the contract between the plaintiff and the township trustee for the construction thereof. p. 362.

2. CONSTITUTIONAL LAW.—*Due Process.—Partition Fences.*—The statute (§7377 *et seq.* Burns 1908, Acts 1897, p. 184), providing for the construction of partition fences, is not in violation of §1 of the 14th Amendment to the federal Constitution, or of article 1, §21, of the state Constitution, guaranteeing respectively, due process of law, and that property shall not be taken without just compensation. p. 362.

3. CONSTITUTIONAL LAW.—*Judicial Powers.—Conferring of, upon Township Trustees.— Partition Fences.*—Section 7377 *et seq.* Burns 1908, Acts 1897, p. 184, empowering township trustees, under certain circumstances, to let contracts for the construction of partition fences, does not confer judicial powers upon such trustees, and therefore is not in violation of article 3, §1, of the state Constitution. p. 362.

4. APPEAL.—*Briefs.—Presenting Questions.*—Questions on pleadings must be presented in the briefs, since appellate courts will not search the records for grounds for reversals. p. 363.

5. APPEAL.—*Briefs.—Recital of Evidence.—Special Findings.—New Trial.*—The propriety of a demand for additional special findings and for a new trial will not be considered, unless the evidence, or the substance thereof, is set out in the brief. p. 363.

6. TRIAL.— *Special Findings.— Partition Fences.— 'Enclosures.— Failure to Find.—Burden of Proof.*—In a suit to foreclose a lien for the construction of a partition fence, a failure of the special findings to show that defendant's lands were "enclosed by a fence to retain stock," is a finding against the defendant, such fact constituting a defense, and not a part of the plaintiff's case. p. 363.

From Ohio Circuit Court; *Thomas S. Cravens,* Special Judge.

Suit by D. Quincy Wilber against Deborah Collins. From a decree for plaintiff, defendant appeals. *Affirmed.*

*John B. Coles* and *Cynthia Coles Sink,* for appellant.

*David S. Wilber* and *McMullen & McMullens,* for appellee.

Montgomery, C. J.—This appeal is prosecuted from a decree foreclosing a lien in favor of appellee for the cost of constructing a partition fence, in pursuance of the provisions of the act of March 6, 1897 (Acts 1897, p. 184, §7377 *et seq.* Burns 1908).

Errors have been assigned challenging the correctness of the court's rulings upon demurrers to the complaint and to the third paragraph of answer, the motions for further findings and for a new trial, and the several conclusions of law.

Appellant asserts that the complaint did not set out the contract between appellee and the township trustee under which the fence in question was built, and for that 1. reason was insufficient. This action is *in rem,* and is founded upon the statute and not upon contract. Appellant was not a party to the contract mentioned, and it was unnecessary to file the same or a copy thereof with the complaint.

It is next urged that the statute upon which the action rests is in conflict with the Constitutions of the United States and of the State of Indiana, and hence, no matter 2. what averments are made, the complaint must fall. This court has already held that the act does not infringe the provisions of either §1 of the 14th Amendment to the federal Constitution, or article 1, §21, of the state Constitution, and no authority or reason has been advanced sufficient to induce us to depart from that holding. *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112.

It is further contended that the township trustee is an administrative officer, that this act confers upon him judicial powers, and is, therefore, in conflict with article 3. 3, §1, of the state Constitution. The assumption that the act confers judicial powers and duties upon the

trustee in such proceedings is without substantial foundation. The duties to be performed by the trustee in these matters are ministerial in character, and no rights of the landowner charged with default can be seriously affected, except in pursuance of a judgment or decree of court. The statute is not subject to the constitutional objections made by appellant.

Appellant's counsel have failed properly to present in their brief the question suggested as to the sufficiency of the third paragraph of answer, and we must, as insisted by appellee, decline to consider the same, as the rule is well settled that appellate courts will not search the records for grounds upon which to reverse a judgment.

There is a gross failure to comply with the well-known rules of appellate procedure requiring the brief to contain a condensed recital of the evidence, when questions depending thereon are presented. We cannot, therefore, consider or disturb the action of the court in overruling appellant's motions for further findings of facts and for a new trial. *Welch* v. *State, ex rel.* (1905), 164 Ind. 104.

The brief is alike faulty in failing to set out the special finding of facts in full or in substance; but it is asserted that there was no finding to the effect that appellant's lands were "enclosed by a fence to retain stock," and that this was a jurisdictional fact, which must be affirmatively found to uphold a lien. Accepting this negative declaration as to the contents of the finding as sufficient to present the question suggested, we cannot sustain appellant's position. It is provided by §7381 Burns 1908, Acts 1897, p. 184, §5, that "persons owning land not enclosed by fence to retain stock shall not be required to make or maintain a partition fence." In the case of *Tomlinson* v. *Bainaka, supra,* the court held that a complaint to foreclose a

lien under this statute was good without an allegation that the defendant's lands were "enclosed by fence to retain stock." The finding of facts need not be broader than the allegations of the complaint. The section of the act just quoted constitutes an exception or defense, and a failure to make any finding upon that fact is equivalent to a finding that appellant's lands were not within the excepted class. The conclusions of law were accordingly supported by the facts found.

No error having been made to appear, the judgment is affirmed.