# The Huber Manufacturing Company of Marion, Ohio, *v.* Blessing et al.

### [No. 7,669. Filed June 27, 1912.]

1.  APPEAL.—*Assignment of Errors.—Consideration of Errors.—
    Briefs.*—Alleged error in overruling a demurrer to an answer
    cannot be considered where neither the demurrer, nor its sub-
    stance, nor any statement of the record presenting the error thus
    relied on, is contained in appellant's brief. p. 91.
2.  APPEAL.—*Assignment of Errors.—Conclusions of Law.—Briefs.*
    —An assignment of error challenging the trial court's conclusion
    of law cannot be considered on appeal, where it is not referred
    to in appellant's brief under "points and authorities", nor in the
    argument. p. 91.
3.  NEW TRIAL.—*Grounds.—Ruling on Demurrer.*—The action of
    the court in overruling a demurrer is not cause for a new trial.
    p. 91.
4.  NEW TRIAL.—*Grounds.—Ruling on Motion to Strike Out.*—Over-
    ruling a motion to strike out parts of an answer is not available
    as ground for a new trial. p. 92.
5.  APPEAL.—*Review.—Admission of Evidence.—Briefs.*—Any ques-
    tion as to the admissibility of evidence is waived, where no
    reference is made to the record in connection with the motion
    for a new trial, copied in appellant's brief, and such brief neither
    sets out the objections, nor indicates by pages and lines, or other-
    wise, the places in the record where the testimony in question,
    the objection and exception, and the ruling of the court, may
    be found. p. 92.
6.  APPEAL.—*Review.—Searching Record.*—Appellate tribunals will
    not search the record to reverse a judgment, but may do so to
    affirm it. p. 93.
7.  APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—
    While the admission of improper material evidence over objec-
    tion is error, the admission of that which is immaterial, unim-
    portant and of no influential consequence, as a rule on appeal,
    will not be considered as having influenced the jury, and there-
    fore cannot be made the basis of reversible error. p. 93.

8. TRIAL.—*Reception of Evidence.*—*Objections.*—Unless offered evidence is on its face clearly incompetent, an objection thereto that it is incompetent, immaterial and irrelevant is not sufficiently specific to be available and the overruling of same is not error. p. 93.

9. TRIAL.—*Reception of Evidence.*—*Objections.*—It is not error to overrule a general objection to offered evidence, where any part of such evidence is not subject to the objection. p. 93.

10. APPEAL.—*Review.*—*Decision.*—*Sufficiency of Evidence.*—On appeal the court will look only to the evidence and the inferences to be drawn therefrom most favorable to the decision of the trial court, in determining whether the decision is sustained by sufficient evidence. p. 94.

11. SALES.—*Warranty.*—*Notice of Breach.*—*Waiver.*—Notice to the seller of a breach of warranty in accordance with the terms of the contract may be waived by the seller. p. 96.

12. CORPORATIONS.—*Agents.*—*Notice to Agent.*—Notice to an agent of a corporation relating to any matter of which he has the management and control, is notice to the corporation. p. 96.

13. APPEAL.— *Review.*— *Weighing Evidence.*— The court cannot weigh the evidence on appeal. p. 97.

From Howard Circuit Court; *Lex J. Kirkpatrick*, Judge.

Action by The Huber Manufacturing Company of Marion, Ohio, against Samuel D. Blessing and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*E. A. Mock*, for appellant.

*E. T. Teter* and *Blacklidge, Wolf & Barnes*, for appellees.

MYERS, J.—Appellant brought this action against appellees to enforce the payment of three promissory notes, and to foreclose a chattel mortgage on a traction engine, given to secure the payment of the notes.

The complaint was in three paragraphs, to which an answer in four paragraphs was filed. Reply in general denial. The issues thus joined were submitted to the court for trial, and at the request of the parties the court made a special finding of facts and stated its conclusions of law thereon in favor of defendants, and rendered judgment that plaintiff

take nothing by this action, and that defendants recover from plaintiff their costs.

Appellant assigned error on the action of the court in overruling its demurrer to each paragraph of answer. Appellees make the point that these errors cannot be

1. considered, for the reason that appellant in its brief has not set out the demurrer, nor the substance thereof, nor so stated the record as to present the errors thus relied on. A careful examination of appellant's brief compels the conclusion that the point made by appellees is well taken, and must be sustained. *Collins* v. *Wilber* (1910), 173 Ind. 361, 89 N. E. 372; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869, 6 Ann. Cas. 607; *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Holliday* v. *Anheier* (1910), 174 Ind. 729, 93 N. E. 1; *Miedreich* v. *Frye* (1908), 41 Ind. App. 317, 83 N. E. 752; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678; *First Nat. Bank* v. *Savin* (1911), 47 Ind. App. 266, 94 N. E. 347.

The court's conclusion of law is challenged by an assignment of error. This error cannot be considered, because not referred to in appellant's brief under the head of

2. "Points and Authorities", nor in its argument. *Hinkle* v. *State* (1910), 174 Ind. 276, 91 N. E. 1090. Appellant's motion for a new trial, assigning thirty-six reasons in support thereof, was overruled, and this ruling is assigned as error.

Causes three to six, inclusive, are based on the action of the court in overruling appellant's demurrer to each paragraph of answer, and are not causes for a new trial.

3. *Daubenspeck* v. *Daubenspeck* (1873), 44 Ind. 320; *Indianapolis, etc., R. Co.* v. *Smythe* (1873), 45 Ind. 322; *Hicks* v. *Reigle* (1869), 32 Ind. 360; *Herron* v. *Herron* (1883), 91 Ind. 278; *Hardison* v. *Mann* (1898), 20 Ind. App. 404, 50 N. E. 899; *Helberg* v. *Hammond Bldg., etc., Assn.*

(1903), 31 Ind. App. 58, 67 N. E. 111; *Denman* v. *McMahin* (1871), 37 Ind. 241.

Causes seven to ten, inclusive, have reference to the rulings of the court in refusing to strike out parts of each paragraph of the answer. These rulings are not available 4. as grounds for a new trial. *City of New Albany* v. *White* (1885), 100 Ind. 206; *Ward* v. *Bateman* (1870), 34 Ind. 110; *Milliken* v. *Ham* (1871), 36 Ind. 166; *Shafer* v. *Bronenberg* (1873), 42 Ind. 89; *Ohio, etc., R. Co.* v. *Hemberger* (1873), 43 Ind. 462; *Hamilton* v. *Elkins* (1874), 46 Ind. 213; *Leiter* v. *Jackson* (1893), 8 Ind. App. 98, 35 N. E. 289; *Bement* v. *May* (1893), 135 Ind. 664, 675, 34 N. E. 327, 35 N. E. 387.

Causes eleven to fourteen, inclusive, are covered by assignment two, which is that "the decision of the court is not sustained by sufficient evidence." §585 Burns 1908, subd. 6, §559 R. S. 1881.

Causes fifteen to thirty-six, inclusive, relate to the admission of evidence. The evidence in this case covers 206 typewritten pages of the record. Appellant in its brief, 5. following the name of each witness, but without reference to pages and lines of the record, has furnished in narrative form the evidence said to have been given by the witness at the trial of this cause. No reference is made to the record in connection with the motion for a new trial, copied in the brief, wherein only the questions and answers affirmed to be objectionable appear, nor does the brief set out the objections, nor indicate by pages and lines, or otherwise, the places in the record where the testimony in question, the objection and exception, and the ruling of the court may be found. These omissions in appellant's brief must be regarded as a waiver of any question as to the admissibility of evidence. *Harrold* v. *Fuenfstueck* (1903), 31 Ind. App. 275, 67 N. E. 699; *City of Michigan City* v. *Leeds* (1900), 24 Ind. App. 271, 272, 55 N. E. 799; *Memphis, etc., Packet Co.*

v. *Pikey* (1895), 142 Ind. 304, 40 N. E. 527; *Vandalia R. Co.*
v. *Keys* (1910), 46 Ind. App. 353, 91 N. E. 173; *M. S. Huey
Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Chicago,
etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 69 N. E.
546; *Albaugh Bros., etc., Co.* v. *Lynas, supra.*

In this State, appellate tribunals will not search the record
to reverse a judgment, but may do so to affirm it.   Because
of this settled practice, the brief of appellant must

6.   affirmatively show error.   In this case appellees, in
some instances, have supplied the defects in appel-
lant's brief.   Where this has been done, we have considered
the questions argued, but find the objections to the questions
so general and indefinite as to render them insufficient.   It
has been held that the admission of improper material

7.   evidence over objection is error.   But the admission
of evidence immaterial, unimportant and of no in-
fluential consequence, as a rule, on appeal, will not be con-
sidered as having influenced the jury, and therefore cannot
be made the basis of reversible error.   *Weik* v. *Pugh* (1883),
92 Ind. 382; *Metzger* v. *Franklin Bank* (1889), 119 Ind.
359, 21 N. E. 973; *Baldwin* v. *Runyan* (1893), 8 Ind. App.
344, 35 N. E. 569; *Shewalter* v. *Hamilton Oil Co.* (1902), 28
Ind. App. 312, 62 N. E. 708; *Mortgage Trust Co.* v. *Moore*
(1898), 150 Ind. 465, 50 N. E. 72.

There may be cases where the offered evidence, on its face,
is clearly incompetent, but unless it certainly so appears—
and in this case it does not—the overruling of an ob-

8.   jection thereto, on the ground that it is incompetent,
immaterial and irrelevant, is not error, for the reason
that such objection is not sufficiently specific to be available
*(Keesling* v. *Doyle* [1893], 8 Ind. App. 43, 35 N. E. 126;
*Johnson* v. *Brown* [1892], 130 Ind. 534, 28 N. E. 698; *Metz-
ger* v. *Franklin Bank, supra)*; neither is it error to

9.   overrule a general objection to the evidence where any
part of it is not subject to the objection.   *McGuffey* v.
*McClain* (1892), 130 Ind. 327, 30 N. E. 296.

The remaining causes for a new trial, one and two, that the decision of the court is contrary to law, and not sustained by sufficient evidence, in view of appellant's brief depend entirely on whether there is any evidence to sustain any one or more of the paragraphs of answer, which proceed on the theory of a breach of warranty.

We have called attention to the omissions in the brief proper of appellant, which, if we were inclined strictly to enforce the rules, would preclude any further attention to these last two assignments. But in view of the earnest argument of counsel for appellant, and the issues submitted to the court for trial, we have carefully considered the evidence furnished by counsel in their briefs in connection with the testimony disclosed by the record.

10. Keeping in mind that in determining the present question, we are to look only to the evidence and the inferences to be drawn therefrom most favorable to the decision of the court, we cannot say, as a matter of law, that any material fact necessary to a finding in favor of appellees is without evidence to support it. The steam traction engine, which was the consideration for the giving of the notes in suit, was, by written order, purchased from appellant, August 31, 1907. This order was addressed to The Huber Manufacturing Company, Marion, Ohio, and was for "One 16 Horse Power Huber Traction Old Style Rebuilt at Inplis engine". It contained the following statement: "THE ORIGINAL OF THIS ORDER TO BE FORWARDED TO THE HUBER MANUFACTURING CO., MARION, OHIO, AND IS SUBJECT TO ITS APPROVAL." On September 19, 1907, appellees met agents of appellant at Tipton, Indiana, the place of delivery of the engine, and made settlement therefor by the execution of the notes and mortgage in suit. Following the settlement for the engine, it was unloaded from the car on which it was shipped, the boiler filled with water, and fired up: The agent of ap-

pellant, after some trouble on account of its defective condition, ran the engine to the corporate limits of the city of Tipton, where it was turned over to appellees. Under proper and experienced management appellees were able to run it over a level road for a distance of about three miles, when, on account of its condition for want of repairs, faulty material and workmanship, it was not able to go farther. The next day the agent of appellant, from whom the engine was purchased, adjusted some of its parts, after which appellees finally succeeded in running it to the home of appellee Blessing. It appears that appellant had a branch house in Indianapolis, and at the time the order was given, the engine was in the warehouse of this branch. Some time prior to the giving of the order, appellees were in Indianapolis, and were shown the engine by appellant's representative in charge of the branch, and he was informed as to the work the engine was expected to do, and appellees were assured by said representative that the engine was capable of doing the work desired. There is plenty of evidence in the record tending to show that said engine would not furnish more than from eight to ten horse power; that it was not a rebuilt engine as ordered, and as indicated by its general appearance. The only use appellees had for the engine during the fall of 1907 was to furnish power to run a corn shredder, requiring about an eight horse power engine. When the time came so to use it, appellees found it would not successfully do the work. True, the engine was used four or five days by running it a few hours at a time, and then stopping for repairs. About that time appellees proposed to the agents of appellant, to whom they gave the order, that they would return the engine to the place where they received it, and requested a return of the notes. But by promises and assurances from appellant's representatives and agents that the company would make a satisfactory adjustment of the matter, they were induced not to return the engine, and allowed it to re-

main in their possession. The matter continued unadjusted until the threshing season, the latter part of the following July, when it was found that the engine did not have sufficient power to run a threshing separator. The matter was then taken up with appellant's Indianapolis branch, and new flues were furnished. On attempting to make these repairs, it was discovered that certain parts of the engine were missing. Later, appellees were informed that the engine was not one that had been rebuilt, and they immediately notified appellant at Marion, Ohio, that the engine was not as described in the order, or as represented when purchased by them. The evidence further tends to show that it was not a sixteen horse power engine; that it was old, worn out, unfit for use and worthless. Attached to the order was appellant's warranty, to the effect that the engine was made of good material, well constructed, and, with proper use and management, capable of doing well the work for which it was made and sold. In case the engine was not as warranted, notice of the defects was to be given appellant at Marion, Ohio, within a certain time, and according to a specified method.

Appellant contends there is no evidence showing notice to it in accordance with the terms of the warranty. This was a matter which appellant might waive, and from all the facts and circumstances disclosed by the record waiver of notice by appellant might be inferred. The agents who made the sale knew, and, it may be inferred from the evidence, appellant's representative in charge of its branch house, also knew that the engine never did comply with the warranty in any respect. If it may be said that the sale was not complete until the seller made the engine comply with the warranty *(Port Huron Engine, etc., Co. v. Smith* [1898], 21 Ind. App. 233, 52 N. E. 106), as in this case it attempted to do, but wholly failed, such facts make a case within the rule "that notice to an agent of a corporation relating to any matter of which he has the man-

agement and control, is notice to the corporation.'' *Port Huron Engine, etc., Co.* v. *Smith, supra.*

We have attempted to make only a few suggestions as to what the evidence in this case tends to prove, for the purpose of showing that the matters and questions involved must of necessity be determined by weighing the evidence, and this we cannot do. From an examination of this record we are convinced that the conclusion of the trial court on the questions presented must be regarded as final.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 132. See, also, under (1, 5) 2 Cyc. 1014; (2) 2 Cyc. 1014; 3 Cyc. 388; (3, 4) 29 Cyc. 761; (6) 3 Cyc. 419; (7) 38 Cyc. 1411; (8) 38 Cyc. 1386; (9) 38 Cyc. 1376; (10) 3 Cyc. 360; (11) 35 Cyc. 427; (12) 10 Cyc. 1054; (13) 3 Cyc. 360. As to when a notice to an agent is notice to the principal, see 24 Am. St. 228.