MARY E. MATHES *et al.*, Appellees, v. THE SHAW OIL COMPANY *et al.*, Appellants.

No. 17,160.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Demurrer—Misjoinder of Causes of Action.* Under section 93 of the code misjoinder of causes of action is not a ground for demurrer to a petition.

2. ———— *Petition—Demurrer.* A petition which alleges in substance that each of three corporations successively became the assignee of an oil-and-gas lease and that the three by some arrangement unknown to the plaintiffs claimed the right to operate and had operated the lease and had used and were using gas for which the terms of the lease required payment to the lessor, without paying for it, states a cause of action.

3. RENTS AND ROYALTIES—*Oil and Gas Produced by Same Well —Liability.* In such an action to recover rental for gas used it is no defense that the wells produced both oil ·and gas, or that the latter had to be removed to save injury to the former and to the machinery, when under the terms of the lease and the pleadings the material question relates to the length of time the gas has been actually used by the defendants for their benefit, aside from the mere matter of its removal from the wells.

Mathes v. Shaw.

Appeal from Neosho district court. Opinion filed June 10, 1911. Affirmed.

*Ossian Cameron, C. S. Denison, J. M. Nation,* and *E. W. Grant,* for the appellants.

*W. R. Cline,* and *J. Q. Stratton,* for the appellees.

The opinion of the court was delivered by

WEST, J.:  Mary E. Mathes and husband sued the Shaw Oil Company and two other corporations to recover rent for use of gas taken from wells drilled under a lease of the plaintiffs' land.   The lease provided that its rights and obligations and benefits should continue so long as gas or other mineral, if found, could be produced in paying quantities; that if gas should be found sufficient to justify saving and casing the wells the lessors were to have gas for domestic use on the premises; if the lessees should use, market or sell gas from any well for other than domestic or drilling purposes they were to pay therefor fifty dollars a year, but gas used for these purposes was to be free.   The petition alleged the use of certain gas for other than domestic or drilling purposes, and prayed judgment.   The second defense was to the effect that the gas wells were in fact oil-producing wells, from which it was necessary to remove the gas, and therefore no rental was due for the gas used.   As to this defense a demurrer was overruled, and this was held error.   (*Mathes v. Shaw,* 80 Kan. 181.)   After this decision the plaintiffs filed an amended and supplemental petition, to which the defendants demurred, and, the demurrer being overruled, answers were filed, and after trial a judgment was rendered for the plaintiffs.   Error is assigned in overruling the demurrer, in overruling objections to evidence, in overruling a demurrer to plaintiffs' evidence, in the admission and rejection of certain testimony and in overruling a motion for a new trial.   The demurrer was on the ground that no cause of action was stated

and also that several causes were improperly joined. The latter ground can not under section 93 of the code be raised by demurrer. It is suggested that no error is assigned on the refusal to grant a new trial, but on page 38 of defendants' brief this assignment may be found, which counsel say was intended to be contained in the grouping of errors at pages 2 and 3 but was overlooked by the printer.

The chief complaint of the defendants is that the amended and supplemental petition failed to state a cause of action by reason of contradictory and self-destructive allegations. The original petition alleged in substance that plaintiffs made a lease to corporation A, which assigned to one Thorne, who assigned to corporation B, which corporations and person thereafter by some arrangement or understanding with corporation C caused the latter to claim a controlling interest and ownership in the lease and a controlling authority over the leasehold premises and a liability for the payment of rental therefor; that corporation D, by some arrangement or agreement or understanding between the one person and the three corporations, took over the lease and obligated itself to carry out its conditions; that the nature of these various arrangements was unknown to plaintiffs but that all of the defendants (corporations B, C and D) had an interest in the lease and leasehold premises and were liable to plaintiffs for the payment of the rentals; that the defendants and their assignors had put down wells and used gas for other than the excepted purposes, and that the three defendants had since September or October, 1904, used such gas and were still using it, for which judgment was prayed. Second and third causes of action repeated these allegations for the purpose of covering successive periods, the total amount prayed for being $450 with interest. The amended and supplemental petition simply adopts the original petition and adds two causes of action for gas used for successive periods subsequent

Mathes v. Shaw.

to the periods covered by the original pleading. Because of the allegations that the assignees "claimed" to have arranged to succeed the assignors vigorous complaint is made that this is no assertion of a fact requiring the defendants to respond. But this allegation is followed by the other, that the assignees claimed to be entitled to the control and authority over the leasehold premises and liable for the rental and that they had proceeded to use gas without paying for it. We see nothing misleading or perplexing in this. If the various defendants were using the plaintiffs' gas under a claim that they were acting under a lease as successors to the lessee, and not paying for it, this would make them liable, and the plaintiffs could not be kept out of the rental for failure to understand the terms and conditions upon which the defendants were claiming their authority to operate the lease and use the gas. If as alleged they were using the gas by virtue of rights which they claimed under the lease, a contract liability would arise; if the unknown arrangement was a mere subterfuge and they were using the gas without right their liability would be that of tort feasors but the same in amount. They doubtless knew better than the plaintiffs the nature of their own arrangements, but whatever these were they could not use the gas without being liable for its value. In their answer, instead of raising the question of misjoinder, they asserted that the alleged gas wells were oil wells, and practically denied using the gas at all. The evidence was such that the jury rendered a verdict for $776, which the trial court approved.

We have examined the evidence shown by the abstract, and while not as clear as it might be, it is sufficient to support the verdict. Where parties assume to take one's gas under leasehold rights they should so conduct the enterprise that the lessor may know to whom he is to look for his rental, and when such parties by means of undisclosed arrangements and overlapping

periods of occupation so cloud the situation that the lessor is unable to understand it, he may rightfully look to all such parties to pay for products which they have actually used under their claim of leasehold rights. The defendants sought to show that the wells were oil producers and that the gas which they also furnished had to be removed to avoid injury to the oil and to the machinery. This was practically an attempt to interpose the same defense which was held bad in *Mathes v. Shaw,* 80 Kan. 181, the excuse being that the former decision went too far. An expression from Thornton on the Law Relating to Oil and Gas is cited, but this is based on the decision in *Shewalter v. Hamilton Oil Co.,* 28 Ind. App. 312. There the lease was in some respects similar to the one under consideration, but the first cause of action expressly alleged that the wells had produced gas in paying quantities, and it was held competent for the defense to rebut this averment. Here there was no such allegation, and the material question related to the actual use and not to the quantitative production. Under the lease and under the pleadings it did not matter whether the wells produced oil or not, or more oil than gas, for if they produced gas sufficient to be used for pumping oil, as alleged, and the defendants so used it, they were liable.

The judgment is affirmed.