## FRANKLIN et al. v. WIGTON.

No. 18160.    Opinion Filed June 12, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Oil and Gas—Liability of Lessee to Lessor for Gas Rental Where Gas "Used off the Premises"—Use of Gas for Pumping Oil Well on Adjoining Lease.**

Where a lessee in an oil and gas lease agrees to pay as gas rental $300 each year in advance from each well where gas only is found, while the same is being used off the premises, such lessee is liable to lessors in said sum while using gas from the well on lessors' land to pump an oil well owned by lessee, located on a lease adjoining lessors' land, notwithstanding an oil well on lessors' land from which they are receiving royalty is being pumped at the same time

with the same power and notwithstanding the pumping of both wells required the use of no more gas than would have been required to pump the well on land of lessors alone.

2. **Oil and Gas—Implied Covenant of Lessee to Drill Offset Well Only When Adjacent Production is in Paying Quantity.**

A lessee of an oil and gas lease, upon an implied covenant to prevent drainage, is not required to drill an offset well unless oil or gas is found in adjacent lands near the boundary line of lessors' land in sufficient quantity to pay a reasonable profit on the whole sum required to be expended, including the cost of drilling, equipping, and operating the well.

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; Charles C. Smith, Judge.

Action by W. C. Franklin and others against B. L. Wigton. Judgment for defendant, and plaintiffs appeal. Affirmed in part, and reversed in part.

A. L. Emery and P. J. Carey, for plaintiffs in error.

Cochran & Ellison and E. T. Noble, for defendant in error.

HERR, C. W. C. Franklin, Josephine M. Franklin, P. J. Carney and Mary T. Carney sue B. L. Wigton on two separate causes of action, the first being to recover gas rentals for gas taken from a well drilled under a lease of plaintiffs' land and used off the premises; second, for damages for failure to drill an offset well. Defendant obtained a verdict in his favor from the jury on the first cause of action and the court sustained a demurrer to plaintiffs' evidence on the second. Plaintiffs appeal.

Defendant, under his lease, drilled a small gas well on plaintiffs' land. Prior thereto there was also drilled on said land a small producing oil well. The controversy grows out of the refusal of defendant to pay gas rentals. The provision of the lease applicable to such payment is as follows:

"To pay to the first parties $300 each year in advance for the gas from each well where gas only is found while the same is being used off the premises."

The evidence discloses that the defendant was the owner of an oil well located on land adjoining plaintiffs' land, and was also the owner of the oil well located on plaintiffs' land. Gas from the well on plaintiffs' land was used by defendant for the purpose of pumping both wells. Both wells

were pumped at the same time and with the same power. Plaintiffs claim the rental as provided by the terms of the lease because of the use of the gas by defendant in pumping his individual well on the adjoining lease. Plaintiffs contend that this constitutes a use of the gas off the leased premises, and on this theory requested the trial court to direct a verdict in their favor. The refusal so to instruct is assigned as error.

The testimony shows, and it is undisputed, that both wells were pumped at the same time and with the same power; that no more gas would be consumed in pumping both wells than would be necessary to consume in pumping the well on plaintiffs' land alone, and for this reason defendant contends that plaintiffs are not entitled to recover.

We are of the opinion that the court should have sustained plaintiffs' motion for a directed verdict. The defendant obligated himself to pay $300 a year as rental while gas was being used off the premises. The obligation is not made to depend upon the quantity used but upon the manner of its use; that is, its use off the leased premises. That defendant had the use and benefit of plaintiffs' gas to pump his well on the adjoining lease is not denied. This being true, he should not be allowed to profit by such use without compensation to the plaintiffs.

In this conclusion we are supported by the following authorities: Mathes et al. v. Shaw Oil Co. (Kan.) 101 Pac. 998; Mathes et al. v. Shaw Oil Co. (Kan.) 116 Pac. 244.

In the case last cited, the court, at page 245, says:

"It did not matter whether the wells produced oil or not, or more oil than gas, for, if they produced gas sufficient to be used for pumping oil as alleged, and the defendants so used it, they are liable."

Defendant, having used plaintiffs' gas for the purpose of pumping his well, is liable to plaintiffs therefor.

As to the second cause of action, we are of the opinion that the demurrer to plaintiffs' evidence was properly sustained. The evidence discloses that a well was drilled 150 feet east of the line of plaintiffs' premises in which there was some showing of gas. There is no evidence as to the quantity produced; no evidence that gas was ever marketed from the well; no evidence whatsoever from which it could be inferred that the well was a paying well. In these circumstances defendant was not required to offset this well. Before plaintiffs would be

entitled to an offset it was incumbent upon them to show by some evidence that it was probable that a paying well could have been drilled. Eastern Oil Co. v. Beatty, 71 Okla. 275, 177 Pac. 104; Pelham Petroleum Co. v. North, 78 Okla. 39, 188 Pac. 1069.

In the case of Pelham Petroleum Co. v. North, supra, this court says:

"A stipulation in an oil and gas lease whereby the lessee obligates itself 'to protect the side lines in case oil is found in paying quantities' imposes upon the lessee the same obligation to protect the lessor's land from actual or threatened drainage that the courts universally hold to be upon it in the absence of express stipulation to that effect.

"The provision means that the lessee is required to drill an offset well in case oil is found on adjacent lands near the boundary line of lessor's land in sufficient quantities to pay a reasonable profit on the whole sum required to be expended, including the cost of drilling, equipping, and operating the well."

Under these authorities, the court was correct in sustaining the demurrer.

Judgment of the trial court should be reversed as to the first cause of action, and the cause remanded, with directions to the trial court to enter judgment thereon in favor of plaintiffs.

As to the second cause of action, judgment should be affirmed.

TEEHEE, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1102, §728. (2) 40 C. J. p. 1053, §666.